UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23335-CV-MARTINEZ/SANCHEZ

ROBERT BARBERA,

    Plaintiff,

v.

HOLA TV US, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment. ECF No. 16.[1] A clerk's default was entered against Defendant. ECF No. 12. Defendant did not respond to the Complaint (ECF No. 1) or the instant motion (ECF No. 16), and it did not otherwise appear in this case. The deadlines to appear and respond have long passed. Having carefully considered Plaintiff's motion, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Default Judgment, ECF No. 16, be **GRANTED**.

    **I.**    **BACKGROUND**[2]

Plaintiff is a professional photographer who owns a copyright registration for a photograph of Heidi Klum, a German American model and television host ("Photograph"). ECF No. 1 at ¶¶ 2, 11, 48-49. The Photograph is registered with the United States Copyright Office ("USCO") and

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant motion to the undersigned. ECF No. 18.

[2] The following facts are admitted as a result of the Defendants' default. *See, e.g.*, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan*); Section II *infra*.

protected from infringement under federal copyright law. *See id.* at ¶¶ 13, 17, 49; *see also* ECF No. 16-1 (Declaration of Robert Barbera); ECF No. 16-2 (Copyright Registration).

Plaintiff commenced this action against Defendant on August 30, 2024, alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. ECF No. 1. The Complaint alleges that Defendant copied and/or displayed the Photograph on its website and Instagram account "without permission or authorization from Plaintiff." *Id.* at ¶¶ 25-29; *see also id.* at ¶ 50. Defendant was served with the summons and the Complaint on September 12, 2024. ECF No. 10. Defendant did not answer or otherwise respond to the Complaint. On November 15, 2024, the clerk entered a default against Defendant. ECF No. 12. Thereafter, Plaintiff filed the instant motion, requesting that the Court (1) grant default judgment against Defendant; (2) award Plaintiff statutory damages; (3) award reasonable attorneys' fees and costs; and (4) permanently enjoin Defendant "from continuing to store and/or display Plaintiff's Photograph." ECF No. 16 at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). Second, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

When a clerk enters default, Plaintiff's well-pleaded allegations are deemed admitted. *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Only the well-pleaded allegations

are admitted because "entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered'" and the Eleventh Circuit has "interpreted [that] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975), and applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Therefore, before entering default judgment, a court must ensure that the well-pleaded allegations in the complaint "state a substantive cause of action" and provide a "sufficient basis . . . for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate form of relief.  *See Am. Airlines, Inc. v. Individuals & Entities Associated with Domains & Email Addresses Identified in Exhibit A*, No. 22-22080-CIV, 2024 WL 945262, at *3 (S.D. Fla. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 941683 (S.D. Fla. Mar. 5, 2024).  Remedies for copyright infringement include injunctive relief and monetary damages. *See, e.g.*, *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008).  Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required.  *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Amguard Ins. Co.*, 2024 WL 996444, at *1.

### III.   LIABILITY

The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author."  17 U.S.C. § 501(a).  A copyright infringement action requires a plaintiff to prove "(1) ownership of a valid copyright, and

3

(2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

For the first prong, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). A "certificate of registration 'constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate,'" and providing the certificate "'shifts the burden of proving the invalidity of the copyright' to the defendant." *Aug. Image, LLC v. Auge Internacional Media, LLC*, No. 22-22718-CIV, 2022 WL 20834406, at *2 (S.D. Fla. Nov. 16, 2022) (quoting 17 U.S.C. § 410(c) and *Sohm v. Mcgraw-Hill Glob. Educ. Holdings, LLC*, No. 16-cv-4255, 2016 WL 5061116, at *2 (S.D.N.Y. Sept. 16, 2016)); *see also Latimer*, 601 F.3d at 1233. However, a plaintiff need not attach a copyright certificate to the complaint to satisfy the first prong. *See Phoenix Ent. Partners, LLC v. Gulfcoast Spirits, LLC*, No. 3:17-CV-967-MCR-EMT, 2019 WL 8161158, at *4 (N.D. Fla. Jan. 2, 2019). "[I]t is sufficient at the pleading stage for a plaintiff to allege, without more, that the [plaintiff] has registered a copyright in the relevant work." *Id.* (citing *BWP Media USA Inc. v. S. Fla. Chronicle, Inc.*, No. 13-61976-CV, 2015 WL 11181967, at *2 (S.D. Fla. Apr. 20, 2015)).

In the Complaint, Plaintiff alleged that he created the Photograph as part of his professional photography work, and that he owns all rights to the Photograph. ECF No. 1 at ¶¶ 2, 11, 49. Although Plaintiff did not attach the copyright registration certificate to the Complaint, Plaintiff alleged that "[o]n August 3, 2022, the Photograph was registered by the USCO under Registration No. VA 2-316-007." *Id.* at ¶ 17; *see also id.* at ¶ 49. Plaintiff's allegations are sufficient to state that Plaintiff is the owner of a valid copyright for the Photograph. *See Aug. Image, LLC*, 2022 WL 20834406, at *2. Plaintiff, moreover, filed the copyright certificate for the Photograph with his

4

motion for default judgment, further supporting the validity of the copyright. ECF No. 16-2 at 2-12. Plaintiff has thus adequately established that he is the owner of a valid copyright for the Photograph.

For the second prong, the copying element of an infringement claim, Plaintiff must: (1) demonstrate that Defendant "actually copied [P]laintiff's copyrighted material"; and (2) establish that the allegedly infringing work and the copyrighted work that is legally protected are "substantially similar." *Latimer*, 601 F.3d at 1232-33. Here, Plaintiff alleges that "[w]ithout permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph" on Defendant's website and Instagram account. ECF No. 1 at ¶¶ 26, 29. A review of Plaintiff's Photograph and the images published by Defendant on its website and Instagram account also supports Plaintiff's allegations, ECF No. 1 at ¶ 33, that the images are exact, or at least substantially similar, copies of the Photograph. *Compare* ECF No. 1-1 (Photograph), *with* ECF No. 1-2 (published images attached to Complaint). Therefore, the facts alleged in the Complaint are sufficient to support a finding that Defendant copied the Photograph.

Accordingly, Plaintiff satisfied the required elements to state a claim for copyright infringement and is entitled to the entry of a final default judgment against Defendant.

## IV. STATUTORY DAMAGES

In a copyright infringement suit, the owner of a registered copyright may choose one of two types of damages: "actual damages and any additional profits of the infringer" or "statutory damages." 17 U.S.C. § 504(a); *see also id.* at § 504(b)-(c); *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997). The Copyright Act provides for statutory damages for copyright infringements "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed

willfully." *XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A,"* 668 F. Supp. 3d 1268, 1276-77 (S.D. Fla. 2023). "In awarding enhanced damages in the context of section 504(c)(2), 'deterrence of future violations is a legitimate consideration' because 'defendants must not be able to sneer in the face of copyright owners and copyright laws.'" *XYZ Corp.*, 668 F. Supp. 3d at 1277 (quoting *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990)). The trial court has "wide discretion to set damages within the statutory limits." *Id.* (quoting *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994)).

Here, Plaintiff seeks statutory damages based on Defendant's alleged willful conduct. ECF No. 16 at 8-11. "[W]illful copyright infringement under § 504(c)(2) encompasses reckless disregard of the possibility that one's actions are infringing a copyright." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272 (11th Cir. 2015); *see also XYZ Corp.*, 668 F. Supp. 3d at 1277 ("Willful infringement occurs 'when the infringer acted with "actual knowledge or reckless disregard for whether its conduct infringes upon the plaintiff's copyright."'") (quoting *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)). Additionally, willful infringement may be inferred where a defendant defaults. *XYZ Corp.*, 668 F. Supp. 3d at 1277. In this case, Defendant's default supports an inference that Defendant's infringement of Plaintiff's Photograph was willful. *See supra* Section III. Additionally, the allegations in the Complaint support a finding that Defendant acted in reckless disregard of the possibility that it was infringing a copyright when it volitionally published the Photograph on its website and Instagram account. *See Yellow Pages Photos, Inc.*, 795 F.3d at 1272. Therefore, the undersigned finds that Defendant's infringement was willful.

Plaintiff requests statutory damages in the amount of "five (5) times the licensing fee for the Photograph," or $3,750. ECF No. 16 at 11; *see also* ECF No. 16-1 at ¶ 18 (declaring that Plaintiff previously received a licensing fee of $750 for the Photograph). In cases of willful

infringement, "courts will generally look to a plaintiff's actual damages and award three to five times actual damages to properly account for statutory damages." *Aug. Image, LLC*, 2022 WL 20834406, at *3. Here, the requested statutory damages of five times Plaintiff's prior licensing for the Photograph is well within the statutory ranges for both willful and non-willful violations, and the undersigned finds that, under the circumstances, such an award is both appropriate and sufficient to compensate Plaintiff, punish the Defendant, and deter the Defendant and others from continuing to infringe Plaintiff's copyright. Accordingly, the undersigned recommends that the Court award statutory damages of $3,750 (five times the $750 licensing fee) against Defendant.

## V. ATTORNEYS' FEES AND COSTS

Plaintiff also seeks $3,295.00 in attorneys' fees and $482.25 in costs. ECF No. 16 at 4. The Copyright Act provides courts with discretion to "allow the recovery of full costs" and a "reasonable attorney's fee." 17 U.S.C. § 505. Courts in this district regularly award attorneys' fees and costs when granting default judgments for copyright infringement cases. *See, e.g.*, *Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) ("[A]n award of Plaintiffs' attorney's fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiffs for the attorney's fees and costs they were forced to incur in order to protect their copyrights."); *Wareka v. Faces by Francesca, LLC*, No. 20-CV-62466, 2021 WL 6101375, at *3 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (awarding attorneys' fees and costs along with default judgment and statutory damages in a copyright infringement case).

   a. <u>**Attorneys' Fees**</u>

To determine whether the requested attorneys' fees have been reasonably calculated, courts in this Circuit apply the lodestar method, which requires that a reasonable hourly rate be multiplied

by the reasonable number of hours expended. *See, e.g.*, *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Regarding the reasonableness of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)). Reasonable hours, in turn, are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.

Here, Plaintiff's counsel asserts that they expended a total of 7.8 hours working on this case, and they provided a breakdown of the time that each attorney and paralegal spent on each specific activity. ECF No. 18 at 6; ECF No. 16-3 at ¶¶ 13-17, 20 (Declaration of Marian V. Quintero); ECF No. 16-4 at 2-3. Given the nature of this case, the issues that were raised, and the work that was required to seek and obtain a default judgment in this case, the undersigned finds that 7.8 hours was a reasonable number of hours to expend litigating this case.

Additionally, the requested hourly rate for the timekeepers' work varies by seniority: $750 for managing partner Craig Sanders, $400 for associate Marian Quintero, and $150 for paralegal Arielle Marra. ECF No. 16-4 at 2-3. Quintero's declaration further explains the attorneys' qualifications, including their education and experience in intellectual property. ECF No. 16-3 at

8

¶¶ 14-16. Given the timekeepers' experience and the work performed, the undersigned finds that the requested rates are reasonable in the Miami legal market. *See Viral DRM, LLC v. EVTV Miami, Inc.*, No. 23-CV-22903, 2024 WL 728095, at *4 (S.D. Fla. Feb. 22, 2024) (finding that similar hourly rates of $700 for partner, $450 for associate, and $125 for paralegal in the same law firm at issue here were "well within the hourly range for similarly experienced attorneys in copyright-infringement matters" as of 2024 in Miami). As a result, the undersigned finds that the requested $3,295.00 in attorneys' fees is reasonable for the litigation of this copyright infringement case. *See id.* (concluding that a $7,007.50 attorneys' fees award was reasonable in a copyright-prosecution default judgment case and citing similar cases where attorneys' fees awards of approximately $5,000 were found reasonable).

Accordingly, the undersigned recommends that Plaintiff be awarded $3,295.00 in attorneys' fees.

    b. **Costs**

Plaintiff also requests $482.25 in costs, including a $405 filing fee and $77.25 for service of process. ECF No. 16-3 at ¶ 21. These types of costs are properly awardable. *See, e.g.*, *Viral DRM, LLC*, 2024 WL 728095, at *4 (granting costs for filing fee and process-server fees).

The Docket reflects payment of the filing fee. *See* ECF No. 1. Therefore, Plaintiff should recover this cost. *See, e.g.*, *RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024 WL 384655, at *5 (S.D. Fla. Jan. 8, 2024) ("Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost."), *report and recommendation adopted*, No. 22-23210-CV, 2024 WL 379948 (S.D. Fla. Feb. 1, 2024); *Viral DRM, LLC*, 2024 WL 728095, at *4.

Plaintiff also seeks to recover $77.25 in costs incurred for service of process. Plaintiff provides an invoice for the process server. *See* ECF No. 16-5. In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the

9

amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The U.S. Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Because nothing in the motion, attached declarations, or invoices explains why Plaintiff should recover process service fees greater than the U.S. Marshals' rate for one hour, the undersigned recommends reducing Plaintiff's recovery to $65 for service of process. *See Sumfinidade Unipessoal LDA v. Yachtlife Techs. Inc.*, No. 24-CV-21555, 2024 WL 4607072, at *11 (S.D. Fla. Sept. 24, 2024) (limiting recovery for process server costs to $65.00 per service), *report and recommendation adopted*, 2024 WL 4602793 (S.D. Fla. Oct. 29, 2024).

Accordingly, the undersigned recommends that Plaintiff's request for costs be granted in part and that Plaintiff be awarded $470 in costs ($405.00 for the filing fee plus $65.00 for service of process).

## VI. INJUNCTIVE RELIEF

The Copyright Act provides that a court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see also Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 & n.17 (11th Cir. 1984) (noting that the Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); *Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule 'A,'* No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (recognizing that the Copyright Act, through 17 U.S.C. § 502, "permit[s] the entry of an injunction to restrain violations" of the Act). Injunctions are "regularly issued" pursuant to § 502 because "the public interest is the interest in upholding copyright

protections," and courts also "regularly issue injunctions as part of default judgments." *Arista Records*, 298 F. Supp. 2d at 1314 (internal quotations omitted); *see also, e.g.*, *XYZ Corp.*, 668 F. Supp. 3d at 1275 ("Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction.").

A permanent injunction is appropriate where a plaintiff demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006). As explained below, Plaintiff has met its burden on each of the four factors, and permanent injunctive relief is thus appropriate.

Here, Plaintiff has demonstrated that he will suffer irreparable injury if the requested injunctive relief is not granted. Plaintiff alleges that he has suffered irreparable injury because of "Defendant's upending of Plaintiff's ability to control the dissemination of his own work" and because Defendant has harmed the market for the Photograph. ECF No. 16 at 14; ECF No. 1 at ¶¶ 44-45. Courts have found irreparable harm where Defendant's infringement caused "diminished market value of the [i]mage and loss of licensing fees." *Wareka*, 2021 WL 6101375, at *6.

Moreover, the recommended award of statutory damages in this case would not preclude further monetary and non-monetary injury to Plaintiff, and there appear to be no other remedies at law that would adequately compensate Plaintiff if Defendant were to continue to use the Photograph without Plaintiff's permission. *See Giles v. Relevant Media Grp., Inc.*, 6:23-CV-1192, 2024 WL 1333635, at *5 (M.D. Fla. Mar. 1, 2024), *report and recommendation adopted*, 2024 WL

11

1756931 (M.D. Fla. Apr. 24, 2024). Unless Defendant is enjoined from further use of the Photograph, Plaintiff will continue to be harmed.

When considering the balance of hardships between Plaintiff and Defendant, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Alpha Signs & Designs v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 24-cv-20096, 2024 WL 3543724, at *4 (S.D. Fla. Apr. 3, 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)), *report and recommendation adopted*, 2024 WL 3543702 (S.D. Fla. May 24, 2024). Here, the balance of harms weighs in favor of granting Plaintiff a permanent injunction. Unless Defendant continues to be enjoined and restrained, Plaintiff is likely to suffer further injuries (*e.g.*, a continued inability to control the dissemination of his work and a diminished market for the Photograph) that cannot be fully compensated or measured in money. ECF No. 16 at 14. The costs and hardship that the Plaintiff will suffer if his copyrighted work is not protected by an injunction outweigh any potential damage to Defendant. Although a permanent injunction would prevent Defendant from publicly using Plaintiff's Photograph without permission, that is not a genuine harm. *See, e.g.*, *Goldstein v. Fortador, LLC*, 24-CV-20116, 2024 WL 3106108, at *11 (S.D. Fla. May 20, 2024), *report and recommendation adopted*, 2024 WL 3103355 (S.D. Fla. June 24, 2024). But, even if it were, such "purported 'harm' would not outweigh the justification behind issuing this injunction." *Id.*

Finally, the imposition of an injunction in this case would not disserve the public interest because "the public interest *is* the interest in upholding copyright protections." *Arista Records*, 298 F. Supp. 2d at 1314 (emphasis added). Thus, having satisfied all four elements necessary for the issuance of permanent injunctive relief, Plaintiff is entitled to a permanent injunction enjoining Defendant from infringing on Plaintiff's copyright.

## VII. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Default Judgment, ECF No. 16, be **GRANTED**, that default final judgment be entered in favor of the Plaintiff and against Defendant, and that the Court award damages, attorneys' fees and costs, and injunctive relief as described above.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 8th day of August 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
     Counsel of Record